**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 1997**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LOROAN VERNERS,

      Defendant-Appellant.

Nos. 95-5194
(D.C. No. 93-CR-001-02-C)
(NOK)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See FED. R. APP. P. 34(a); 10th CIR. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Laroan Verners was convicted of possession of cocaine base with intent to distribute, establishment of manufacturing operations, aiding and abetting his co-defendant Guessinia Verners in the commission of those crimes, and use of a firearm during and in relation to a federal drug trafficking crime, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 856(a)(1), and 18 U.S.C. §§ 2, and 924(c)(1). He was sentenced to a term of imprisonment of 375 months followed by a 10 year period of supervised release. On direct appeal we affirmed all convictions except that of aiding and abetting Guessinia Verners in the possession of cocaine with intent to distribute because we reversed her conviction on that count. United States v. Verners, 53 F.3d 291, 298 (10th Cir. 1995). On remand, Mr. Verners received the same sentence. He appeals his resentencing, and we affirm.

Mr. Verners raises two issues on appeal. First, he suggests that the district court should have reduced his sentence under USSG § 3E1.1 for acceptance of responsibility for his crime. Second, he contends the district court failed to state in open court the reasons for its imposition of sentence in violation of 18 U.S.C. § 3553(c). We will consider each of these issues in turn.

**Acceptance of Responsibility Reduction in Sentence**

Section 3E1.1 of the Sentencing Guidelines provides that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, [the

court shall] decrease the offense level by 2 levels." USSG § 3E1.1(a). The commentary following section 3E1.1(a) elucidates that a "voluntary surrender to authorities promptly after commission of the offense" is an appropriate consideration in determining whether subsection (a) has been satisfied. U. S. SENTENCING GUIDELINES MANUAL § 3E1.1, comment. (n.1(d)) (1995). Mr. Verners argues that because his presentence investigation report stated he had voluntarily surrendered to the authorities, the district court erred by failing to grant him a 2 level sentence reduction.

"The district court has broad discretion to determine whether to award [a] reduction [in sentence under USSG § 3E1.1], and we will not disturb the court's decision absent clearly erroneous findings." United States v. Gassaway, 81 F.3d 920, 922 (10th Cir. 1996). "A defendant bears the burden of establishing his entitlement to a . . . reduction under § 3E1.1." Id.

While it is true the presentence report mentioned that Mr. Verners voluntarily surrendered to the authorities, the report did not recommend a sentence reduction based on that fact. Instead, the report states that "the defendant does not qualify for acceptance of responsibility." Aplt's Brief at doc. C. It appears from the record before this court that Mr. Verners failed to object to that portion of the presentence report. There are no written motions for sentence reduction based on acceptance of responsibility, and Mr. Verners did not take the

opportunity to raise the issue in his resentencing hearing. Part of Mr. Verners'

burden in obtaining a sentence reduction includes requesting that reduction.

There can be no error in failing to grant a sentence reduction that was not

requested.[1]


**Failure to State Basis for Sentencing Range in Open Court**

Section 3553 of title 18 requires that when the court imposes a sentence of

greater than twenty four months, as it did here, "[t]he court, at the time of

sentencing, shall state in open court the reason for its imposition of the particular

sentence." 18 U.S.C. § 3553(c). In addition, if the sentencing guidelines provide

a sentencing range, the court must state "the reason for imposing a sentence at a

particular point within the range." Id. § 3553(c)(1). Mr. Verners contends the

district court failed on resentencing to state the reason for sentencing him in the

middle of the applicable sentencing range.

As the Government points out, although the district court did not state its

reasons for Mr. Verner's sentencing range at resentencing, the court expressly

referred back to Mr. Verner's original sentencing where the court did state its

---

[1] Even if Mr. Verners had requested a sentence reduction pursuant to USSG § 3E1.1, there was ample evidence on which to base a denial of a reduction. Although Mr. Verners did surrender voluntarily, he pled not guilty to the offenses for which he was charged and required the Government to prove all elements of its case. See USSG § 3E1.1(a), comment. (n.2).

-4-

reasons. With no objection from counsel, the judge proceeded to pronounce the sentence. It is clear from the record that the two sentencing pronouncements, taken together, fully articulate the reasons for Mr. Verner's sentencing. The complete record satisfies the requirements of section 3553(c), and we find no error.

For the foregoing reasons, we **AFFIRM**.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Chief Judge