F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LAROAN F. VERNERS,

Defendant-Appellant.

No. 01-5000
(N. District of Oklahoma)
(D.C. No. 93-CR-001-C)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Laroan Verners appeals the district court's denial of his "Motion for Tolling of Time to File § 2255" (the "Motion"). In the Motion, Verners simply

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

asserted that he was entitled to equitable tolling because he belatedly received notification his direct appeal had been decided, leaving him with insufficient time to file a 28 U.S.C. § 2255 petition within the time limits set out in § 2255 paragraph six. He did not indicate when he intended to file a § 2255 motion or what issues such a motion might raise. In denying the Motion, the district court held as follows: "The limitation period for filing [a § 2255] motion is contained within the text of 28 U.S.C. § 2255, as amended. The Court finds that there is no factual basis for defendant's motion and accordingly the motion is DENIED." Because we conclude that the question of equitable tolling is not ripe until Verners actually files a § 2255 motion, this court **vacates** the district court's order and **remands** the matter to the district court to dismiss the Motion.[1]

The procedural posture of this case is somewhat unusual. After a jury trial, Verners was convicted of possession of cocaine base with intent to distribute, maintaining an establishment for manufacturing drugs, aiding and abetting a co-defendant in the commission of those crimes, and use of a firearm during and in

---

[1]Because the Motion is not a motion to vacate or correct sentence pursuant to § 2255, Verners does not need a certificate of appealability to appeal the district court's denial of the Motion. *See* 28 U.S.C. § 2253(c)(1)(B); *cf. Jones v. United States*, No. 00-5280, 2001 WL 92114, at *2 (6th Cir. Jan. 25, 2001) (unpublished disposition) (holding that petitioner did not need to obtain permission to file a second or successive petition after district court denied motion to toll statute of limitations because such a motion to toll did not constitute a § 2255 motion).

relation to a drug trafficking crime. On direct appeal, this court affirmed all convictions with the exception of the aiding and abetting offense and remanded to the district court for resentencing. *See United States v. Verners*, 53 F.3d 291 (10th Cir. 1995). On remand, the district court resentenced Verners to the same term of incarceration; this court affirmed Verners' sentence on appeal. *See United States v. Verners*, No. 95-5194, 1997 WL 183510 (10th Cir. Apr. 15, 1997) (unpublished disposition). Verners thereafter brought a motion to vacate, set aside, or correct his conviction and sentence under § 2255. In his § 2255 motion, Verners raised several claims of ineffective assistance of counsel and asserted that his § 924(c) firearms conviction must be vacated in light of *Bailey v. United States*, 516 U.S. 137 (1995). The district court denied Verners relief as to the ineffective assistance claims. It granted the motion as to the firearms conviction, however, vacating the § 924(c) conviction and setting the matter for resentencing. After he was resentenced, Verners appealed to this court, raising a single issue relating to the propriety of his recalculated sentence and asserting that the district court had erred in refusing to grant relief on his ineffective assistance claims. This court affirmed the district court in all respects. *See United States v. Verners*, No. 98-5044, 1999 WL 332700 (10th Cir. May 26, 1999) (unpublished disposition) (*Verners III*). Nevertheless, recognizing the unusual procedural posture in which the appeal reached this court, we held as follows:

We also conclude that our consideration of Verners' current § 2255 claims does not bar consideration of any future § 2255 motion *limited solely* to issues related to the resentencing which we are addressing in this direct appeal, since any such issues would have been unavailable at the time Verners filed his original petition.

*Id.* at *2 n.1 (emphasis in original).

On November 2, 2000, approximately seventeen months after this court issued its decision in *Verners III*, Verners filed the Motion. As set out above, the Motion was particularly conclusory. It simply noted that, through no fault of his own, Verners had not received notice of the decision in *Verners III* until October 20, 2000. He thus requested that the one-year statute of limitations set out in § 2255 paragraph six be equitably tolled so that it would begin to run on that date, rather than on the date *Verners III* was decided. Verners did not identify any of the grounds that he might raise in a potential § 2255 motion,[2] should one actually

---

[2]For the first time on appeal Verners has set forth the issues that he anticipates raising in a § 2255 petition. Verners has identified that following four issues: "(A) the government's variance and constructive amendment of the indictment, (B) faulty jury instruction, (C) ineffective assistance of counsel, and (D) the constitutionality of the construction and congressional intent of Title 21." With the possible exception of any claim of ineffective assistance related solely to the resentencing proceedings, it is clear that all of these claims would fall outside of the narrow boundaries for the filing of a second § 2255 petition set out in *Verners III*. *See* 1999 WL 332700, at *2 ("[O]ur consideration of Verners' current § 2255 claims does not bar consideration of any future § 2255 motion *limited solely* to issues related to the resentencing which we are addressing in this direct appeal."). To the extent that Verners might seek to raise in a future § 2255 motion any issues but those related solely to his resentencing proceeding he must first seek permission from this court pursuant to § 2255 paragraph eight to file a second or successive writ.

-4-

be forthcoming, and specifically noted that the Motion was not a § 2255 motion. The district court denied the Motion, concluding that it lacked a "factual basis."

It is well established in this Circuit that AEDPA's one-year limitations period is not jurisdictional but is, instead, subject to equitable tolling. *See Moore v. Gibson*, 250 F.3d 1295, 1299 (10th Cir. 2001). "Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Id.* (quotation omitted). Verners has not identified, however, a single case resolving the question of equitable tolling in advance of the actual filing of a § 2255 motion. In fact, until a § 2255 motion is actually filed and the affirmative defense of the statute of limitations actually raised, the propriety of equitable tolling is purely an abstract concern. "Under Article III of the Constitution, federal courts have subject matter jurisdiction only over 'cases and controversies.'" *United States v. Wilson*, 244 F.3d 1208, 1213 (10th Cir. 2001). One aspect of the case-or-controversy requirement is the ripeness doctrine, which is "intended to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* Article III's ripeness requirement "forestall[s] judicial determinations of disputes until the controversy is presented in clean-cut and concrete form." *Id.* This court considers two issues to determine whether a claim is ripe for adjudication: (1) the fitness of the issue

for judicial resolution and (2) the hardship to the parties of withholding judicial consideration. *See id.*

We conclude that the question of equitable tolling is ripe for adjudication only when a § 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the court *sua sponte*. It is only at this point that the record will be sufficient to determine whether the requisite "extraordinary circumstances" are present to the magnitude necessary to merit equitable tolling. Furthermore, this court can discern no hardship to Verners in withholding judicial consideration of the question of equitable tolling until a § 2255 motion is actually filed and limitations period raised. Accordingly, we conclude that question of equitable tolling is not ripe and that the Motion is, therefore, not justiciable. The case is thus **REMANDED** to the district court to **VACATE** its order denying the Motion and to **DISMISS** the motion for lack of jurisdiction.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-6-