**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LOROAN F. VERNERS,

    Defendant - Appellant.

No. 02-5030
D.C. No. 01-CV-716-C
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

*Pro se* petitioner, Laroan Verners, seeks a certificate of appealability ("COA") so he can appeal the district court's denial of his motion to vacate, set

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(b) (providing that a petitioner may not appeal the denial of a § 2255 motion unless the petitioner first obtains a COA). In 1994, Verners was convicted of various drug-related offenses and a firearms offense. Verners filed a direct appeal and one drug-related conviction was reversed. *See United States v. Verners*, 53 F.2d 291, 298 (10th Cir. 1995) [*Verners I*]. Verners was resentenced on the remaining convictions and the resentencing was affirmed on appeal. *See United States v. Verners*, No. 95-5194, 1997 WL 183510 (10th Cir. April 15, 1997) (unpublished disposition) [*Verners II*]. Verners then filed a § 2255 motion raising several ineffective assistance of counsel claims and a claim that his firearms conviction must be vacated in light of *Bailey v. United States*, 516 U.S. 137 (1995). The federal district court granted the § 2255 motion in part and vacated Verners' firearms conviction. Verners was resentenced on the remaining convictions. *See United States v. Easterling*, 157 F.3d 1220, 1223-24 (10th Cir. 1998) (discussing sentencing package doctrine).

At the resentencing, the district court increased Verners' base offense level by two points because Verners possessed a firearm during the commission of the drug offenses. *See* U.S.S.G. § 2D1.1(b)(1). Verners appealed, asserting that the district court erred when it increased his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1). This court affirmed the sentence. *See United States v. Verners*,

-2-

No. 98-5044, 1999 WL 332700, at *2 (10th Cir. May 26, 1999) (unpublished disposition) [ *Verners III* ]. We also clearly informed Verners that he was not barred from filing a second § 2255 motion but that any such motion was " *limited solely* to issues related to the resentencing which we are addressing in this direct appeal." *Id*. at *2 n.1 (emphasis in original).

Thereafter, Verners did not file a timely § 2255 motion but, instead, filed a "Motion for Tolling Time to File § 2255" seeking equitable tolling of the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The district court denied the motion and Verners appealed. This court concluded that the question of equitable tolling was not ripe because Verners had not yet filed his § 2255 motion. *See United States v. Verners* , No. 01-5000, 2001 WL 811719, at *2 (10th Cir. July 17, 2001) (unpublished disposition) [ *Verners IV* ]. In *Verners IV* , we warned Verners that the claims he indicated he would raise in his § 2255 motion fell "outside of the narrow boundaries for the filing of a second § 2255 petition set out in *Verners III*." *Id*. at *2 n.2.

Verners then filed his second § 2255 motion and raised three claims. The first two claims challenged the indictment and the third claim challenged the constitutionality of 21 U.S.C. § 841. The district court denied all three claims on the merits. Verners then brought this appeal and seeks a COA.

We have reviewed Verners' § 2255 motion and it is clear that none of the three claims he raised in that motion involve issues related solely to his resentencing which were addressed by this court on direct appeal in *Verners III*. All three issues could have been raised in Verners' first § 2255 motion.[1] Verners' § 2255 motion, therefore, is a second or successive habeas petition under the AEDPA. Verners may not file a second or successive § 2255 motion until he "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). Because Verners filed the instant § 2255 motion in district court without first obtaining permission from this court, the district court lacked jurisdiction to address the merits. We therefore must vacate the district court's order denying Verners'

---

[1]In his appellate brief and application for a COA, Verners argues that his counsel was ineffective for failing to present his three claims during his resentencing. Because this ineffective assistance of counsel claim was not adequately presented to the district court, we decline to consider it on appeal. "[A]bsent extraordinary circumstances, [this court] will not consider arguments raised for the first time on appeal. This is true whether an appellant is attempting to raise a bald-faced new issue or a new theory that falls under the same general category as a previous argument." *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir.2002) (quotations and citation omitted). We note, however, that the ineffective assistance claim relies on counsel's failure to present arguments that could have been raised in Verners' first § 2255 motion.

-4-

motion. *See United States v. Avila-Avila*, 132 F.3d 1347, 1348-49 (10th Cir. 1997).

We construe Verners' request for a COA and appellate brief as an application for authorization to file a second or successive § 2255 motion. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997). Our review of Verners' implied application leads to the conclusion that he has failed to make the prima facie showing necessary for filing a second or successive § 2255 motion. Verners' claims do not involve either newly discovered evidence or a previously unavailable, new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2255.

Accordingly, the district court's order dated February 12, 2002 denying Verners' unauthorized § 2255 motion is **vacated** and his implied application for leave to file a second or successive § 2255 motion is **denied**. Verners is reminded that this court's denial of authorization to file a successive habeas petition cannot be subject to a petition for rehearing or a petition for a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge