**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LOROAN VERNERS,

    Defendant - Appellee.

No. 04-5173
(D.C. No. 93-CR-01-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

---

Loroan Verners ("Defendant"), proceeding pro se, appeals the denial of his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). We agree with the district court that Defendant does not qualify for a sentencing reduction.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Therefore, taking jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the district court.

## A.    Timeliness of appeal

"The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." Parker v. Bd. of Pub. Utils., 77 F.3d 1289, 1290 (10th Cir.1996). The government argues that this is an untimely appeal and therefore we have no jurisdiction. We disagree.

The district court denied Defendant's motion to modify his sentence under § 3582(c)(2) on October 5, 2004. Pursuant to the federal rules, Defendant's notice of appeal was due October 19, 2004. See Fed. R. App. P. 4(B)(1) (imposing ten-day filing deadline in criminal appeals); id. 26(a)(2) (requiring exclusion of Saturdays and Sundays in computing any time period less than 11 days). The record shows that Verners mailed his notice of appeal on October 19, 2004, and that it was processed through the prison mail system at the Federal Medical Center in Lexington, Kentucky.

Pursuant to the applicable "prisoner mailbox" rule, when:

an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. App. P. 4(c)(1); see also United States v. Ceballos-Martinez, 387 F.3d 1140 (10th Cir. 2004). Here, the Certificate of Service Defendant included in his Notice of Appeal conforms with these requirements and therefore, because he mailed his notice on the last day for filing, it is timely. Accordingly, we proceed to consider the merits of this dispute.

**B.  Motion to modify sentence**

Pursuant to the modification statute under which Defendant proceeds:

> a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . may move the court [and] the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The district court's decision to deny a reduction in a sentence under § 3582(c)(2) is a discretionary one, which we review for abuse of discretion. United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir. 1996). We review the district court's interpretation of the sentencing guidelines and other legal issues de novo. United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997).

Defendant was convicted of various drug-related offenses. At sentencing, the court found that Defendant had committed at least one drug offense within 1,000 feet of a school, and therefore enhanced Defendant's sentence by two offense levels under U.S.S.G. § 2D1.2. In 2000, the Sentencing Commission amended the Application Note to § 2D1.2. U.S. Sentencing Guidelines Manual,

app. C at Amendment 591. This amendment limited § 2D1.2's applicability to only cases in which the defendant was actually "convicted of a statutory violation of drug trafficking in a protected location" or "in a case in which the defendant stipulated to such a statutory violation." U.S.S.G. § 2D1.2, app. n.1.

In the case at bar, Defendant claims he should retroactively be given the benefit of this limitation in § 2D1.2. The district court correctly concluded that Amendment 591 does apply retroactively, and therefore that a court may use it to reduce an existing sentence under § 3582(c)(2). See id. § 1B1.10(c) p.s. (Amendment 591 may be applied retroactively).

However, the district court's further analysis rejected Defendant's § 3582(c)(2) motion because the court determined that Defendant had in fact been convicted of a "statutory violation of drug trafficking in a protected location." Id. § 2D1.2, app. n.1. Specifically, the court relied on Defendant's conviction under 21 U.S.C. § 860(a), an offense imposing enhanced penalties for drug offenses within 1,000 feet of a school.[1] Therefore, the court concluded, even under the

---

[1]Section 860(a) is an offense that enhances the penalty for "[a]ny person who violates section 841(a)(1) or section 856 of [Title 21] by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary . . . school . . . ." 21 U.S.C. § 860(a). It is specifically referenced in § 2D1.2 as an offense for which the two-level enhancement is intended.

We have held that the government does not need to prove as an essential
(continued...)

amended version of § 2D1.2, the guidelines still provide for the same two-level enhancement in Defendant's case, and as such no § 3582(c)(2) reduction is warranted here.

We agree with the district court. The record confirms that Defendant was indicted for, among other charges, possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 860(a), and convicted of the same. United States v. Verners, 53 F.3d 291, 293 (10th Cir. 1995). Therefore, given this § 860(a) conviction, the § 2D1.2 enhancement would apply identically to Defendant's sentence both before and after Amendment 591. As such, Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and he is not entitled to a sentence reduction under this statute. 18 U.S.C. § 3582(c)(2).

On appeal, Defendant does argue that his conviction under 21 U.S.C. § 860(a) was invalid because both the indictment and the jury instructions were

---

[1](...continued)
element of § 860(a) that the defendant intended to distribute drugs within 1,000 feet of a school. United States v. Harris, 313 F.3d 1228, 1239 (10th Cir. 2002). Instead, the government need only prove that the defendant possessed illegal drugs within 1,000 feet of a school and intended to distribute them somewhere. Id.

defective as to the elements of § 860(a).[2] However, these issues go to the validity of Defendant's § 860(a) conviction itself. A § 3582 motion is a continuation of the prior criminal proceeding, but it is limited to the narrow sentencing issues prescribed in § 3582 itself. United States v. Trujeque, 100 F.3d 869, 870 (10th Cir.1996). Therefore, it cannot be used to create a new vehicle for a collateral attack on a conviction. See Smartt, 129 F.3d at 542-43 (finding no jurisdiction under § 3582(c) to consider collateral sentencing issues including probation department errors, applicability of other statutory sentencing provisions, and ineffective assistance of counsel, and directing defendant to bring those arguments in a habeas petition under 28 U.S.C. § 2255).

In the case before us, because Defendant was convicted under § 860(a), and because Amendment 591 accordingly had no impact on the applicability of § 2D1.2 to his case, Verners was not entitled to any sentencing reduction under § 3582(c). We AFFIRM the district court.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[2]At trial, a Tulsa police officer did testify that he was present at the execution of the search warrant at Defendant's mother's house, where the cocaine at issue was found and stored, and that this house was very close, within 50 feet, of a school.