F I L E D
United States Court of Appeals
Tenth Circuit

July 11, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BUSTER J. DANIELS, SR.,

    Defendant - Appellant.

No. 05-3471
(D.C. No. 02-CR-10079-MLB)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Defendant-Appellant Buster J. Daniels, Sr., a federal inmate appearing pro se, appeals from the district court's dismissal of his motion seeking to file a 28 U.S.C. § 2255 motion out of time. The district court, relying on United States v. Verners, 15 Fed. Appx. 657 (10th Cir. 2001) (unpublished), dismissed the motion for lack of jurisdiction. I R. Doc. 44. In Verners, we concluded that a similar motion was not ripe until an actual § 2255 motion was filed and the limitations period actually raised. 15 Fed. Appx. at 659-60. We did not require a certificate of appealability because a motion seeking to file a § 2255 motion out of time is not a § 2255 motion. Verners, 15 Fed. Appx. at 658 n.1.

On appeal, Mr. Daniels argues the merits of the claims he would like to

bring.  Though <u>Verners</u> is not precedential, we think its reasoning is sound and conclude that the district court correctly dismissed Mr. Daniels' motion for lack of jurisdiction.  <u>Verners</u> stated that "the question of equitable tolling is ripe for adjudication only when a § 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the court *sua sponte*."  15 Fed. Appx. at 660 (emphasis in original).  Of course, if the court acts on its own in raising a limitations defense, it "must accord the parties fair notice and an opportunity to present their positions."  <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge