FILED
United States Court of Appeals
Tenth Circuit

January 13, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LAROAN F. VERNERS,

    Defendant-Appellant.

No. 08-5108
(D.Ct. No. 4:93-CR-00001-HDC-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT, ANDERSON,** and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Laroan F. Verners, a federal inmate, appeals the district court's denial of his request for a variance sought in conjunction with his motion under

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

18 U.S.C. § 3582(c)(2) to modify his sentence based on the sentencing factors in 18 U.S.C. § 3553(a). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Procedural Background

In 1993, a jury convicted Mr. Verners of various offenses, including one count of possession with intent to distribute cocaine base (crack) within one thousand feet of a protected location, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 860(a). *See United States v. Verners*, 53 F.3d 291, 293 (10th Cir. 1995) (*Verners I*). Mr. Verners appealed his convictions and we reversed one drug-related offense and affirmed the others. *Id.* at 295 n.2, 298. On remand, Mr. Verners received the same sentence as previously imposed and this court affirmed his sentence on appeal. *See United States v. Verners*, 111 F.3d 140, 1997 WL 183510, at *2 (10th Cir. Apr. 15, 1997) (unpublished op.) (*Verners II*). Mr. Verners then filed a § 2255 motion raising several ineffective assistance of counsel claims and arguing his firearms conviction must be vacated in light of *Bailey v. United States*, 516 U.S. 137 (1995). *See United States v. Verners*, 182 F.3d 934, 1999 WL 332700, at *1 (10th Cir. May 26, 1999) (unpublished op.) (*Verners III*). The district court granted the § 2255 motion, in part, by vacating his firearms conviction but rejected Mr. Verners's ineffective assistance of counsel claims. *Id.* It then ordered preparation of a revised presentence report to use in resentencing Mr. Verners.

In the revised presentence report, the probation officer applied the 1997 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") in determining Mr. Verners's possession with intent to distribute 4.108 kilograms of crack cocaine within one thousand feet of a protected location warranted a base offense level of 40. The probation officer then enhanced his base offense level two levels for his possession of a firearm during the offense, pursuant to U.S.S.G. § 2D1.1(b)(1), for a total offense level of 42. Mr. Verners's total offense level of 42, combined with his criminal history category of I, resulted in a Guidelines range of 360 months to life imprisonment. The probation officer also noted the maximum statutory term of imprisonment for possession with intent to distribute cocaine base (crack) was ten years to life.

After adopting the factual findings and Guidelines applications in the revised presentence report, the district court sentenced Mr. Verners at the low end of the sentencing range to 360 months imprisonment for the count of possession with intent to distribute crack cocaine and imposed a concurrent sentence of 240 months for the remaining count of establishment of manufacturing operations in violation of 21 U.S.C. § 856(a)(1). We affirmed Mr. Verners's sentence on appeal and denied his application for a certificate of appealability on his ineffective assistance of counsel claims. *See Verners III,* 1999 WL 332700, at

*6.[1]

On March 31, 2008, Mr. Verners filed the instant motion to modify his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 706 to U.S.S.G. § 2D1.1(c), which modified the Drug Quantity Table downward two levels for crack cocaine and became effective November 1, 2007, and retroactive as of March 3, 2008. *See* U.S.S.G. Supp. to App. C, Amend. 706 (Reason for Amend.); U.S.S.G. § 1B1.10(a) and (c) (Nov. 1, 2007); Amends. 712 and 713 (Mar. 3, 2008 Supp.). In his motion, Mr. Verners also argued for a downward variance, based on the sentencing factors in 18 U.S.C. § 3553(a), for a reduced sentence of 292 months imprisonment, and asserted the Supreme Court's decisions in *Kimbrough*

---

[1] Thereafter, Mr. Verners appealed various district court rulings to this court. First, we affirmed the district court's judgment ordering forfeiture of currency by Mr. Verners. *See United States v. $43,646.00*, 182 F.3d 933, 1999 WL 360168, at **1-3 (10th Cir. June 4, 1999) (unpublished op.). We also remanded to the district court a matter involving Mr. Verners's "Motion for Tolling of Time to File § 2255" with instructions to dismiss, rather than deny, the motion for lack of jurisdiction. *See United States v. Verners*, 15 F.App'x 657, 660 (10th Cir. July 17, 2001) (unpublished op.) (*Verners IV*). Next, we denied his application for authorization to file a second or successive § 2255 motion. *See United States v. Verners*, 49 F.App'x 803 (10th Cir. Oct. 17, 2002) (unpublished op.) (*Verners V*). Finally, we affirmed the district court's denial of Mr. Verners's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on its conclusion he did not qualify for a sentence reduction under Amendment 591 because it did not apply to defendants, like Mr. Verners, who were convicted of a statutory violation of drug trafficking in a protected location. *See United States v. Verners*, 136 F.App'x 142, 143-45 (10th Cir. June 8, 2005) (unpublished op.) (*Verners VI*).

*v. United States*, ___ U.S. ___, 128 S. Ct. 558 (2007), and *United States v. Booker*, 543 U.S. 220 (2005), supported such a reduction.

After appointing counsel to represent Mr. Verners and receiving briefing from the parties, the district court issued an order determining Mr. Verners's total offense level should be retroactively reduced from 42 to 40, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, for an amended Guidelines range of 292 to 365 months imprisonment. *See* U.S.S.G. § 2D1.1(c)(1) (Drug Quantity Tbl.) (2007 ed.). It then granted Mr. Verners's request for a reduction of sentence under Amendment 706 and imposed a sentence of 292 months imprisonment on his offense of possession with intent to distribute crack cocaine.

However, the district court denied that portion of Mr. Verners's § 3582 motion requesting a downward variance based on the § 3553(a) sentencing factors, including the discrepancies between sentences for crack cocaine and cocaine powder. In so doing, it discussed the merits of Mr. Verners's argument and explained, in part, that no "individualized factors" distinguished him "from other similarly situated defendants." It further explained sentencing decisions must be grounded in case-specific considerations and not on a general disagreement with broad-based policies pronounced by Congress and the Sentencing Commission. During this discussion, it stated it could not

"completely ignore the ratio differences between cocaine powder and crack cocaine because the advisory guideline range, which remains relevant under § 3553(a) analysis, and the statutory minimum and mandatory sentences reflect Congress' preferred ratio." R., Vol. 1, 7/15/08 Order at 2-3.

## II. Discussion

Mr. Verners now appeals the district court's dismissal of that portion of his § 3582 motion requesting a downward variance under 18 U.S.C. § 3553(a), basing his argument on the decision in *Kimbrough*. In that case, the Supreme Court explained the cocaine guidelines, which provide a recognized disparity between cocaine base and powder, could not be applied mandatorily but are advisory and subject to the particular circumstances of each case. *See Kimbrough,* 128 S. Ct. at 574-76. Mr. Verners claims his sentence is procedurally unreasonable due to the district court's alleged inaccurate statement of the law of that case.

In *Kimbrough,* the issue regarding Guidelines sentencing disparities between crack cocaine and cocaine powder was raised and addressed in the original proceeding. *See id.* at 564-66. In contrast, in the instant appeal, Mr. Verners's argument for a variance is premised on § 3582(c)(2) in a modification proceeding. Thus, under our prior precedent, Mr. Verners's appeal must fail. In *United States v. Rhodes*, we held § 3582(c)(2) does not permit resentencing based

on 18 U.S.C. § 3553 factors and objectives, but is much more limited, authorizing "a district court to reduce the term of imprisonment only if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 549 F.3d 833, 840 (10th Cir. 2008). Similarly, in *United States v. Sharkey,* this court rejected the same argument presented here that § 3582(c)(2) authorizes a sentence reduction based on the 18 U.S.C. § 3553(a) factors and the Supreme Court's decision in *Kimbrough. See* 543 F.3d 1236, 1238-39 (10th Cir. 2008). Even before *Rhodes* and *Sharkey*, this court held § 3582(c)(2) motions may not be employed to present *Booker*-type claims, as "§ 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the [sentencing] range." *United States v. Price*, 438 F.3d 1005, 1007 & n.2 (10th Cir. 2006). Thus, under § 3582, it is clear the district court could consider only whether Mr. Verners was entitled to a two-level offense reduction under Amendment 706 and not the merits of whether any other reduction of his sentence was warranted under § 3553.

## III. Conclusion

For these reasons, we **AFFIRM** on other grounds the district court's order

denying that portion of Mr. Verners's motion filed pursuant to 18 U.S.C.

§ 3582(c)(2) for a downward variance under 18 U.S.C. § 3553(a).

                              **Entered by the Court:**

                              **WADE BRORBY**
                              United States Circuit Judge