**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JAMES JUSTIN WOODS,

      Defendant - Appellant.

------------------------------

CARL E. CORNWELL, II,

      Attorney - Appellee.

No. 15-3304
(D.C. No. 5:11-CR-40046-JWL-1)
(D. Kan.)

_____

**ORDER**
_____

At the direction of the panel, this matter is before the court, *sua sponte*, to amend

language in the concurrence filed with the Order & Judgment issued on June 21, 2016.

The Order and Judgment and amended concurrence are attached to this order, and shall

be filed *nunc pro tunc* to the original filing date.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

June 21, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,
    Plaintiff - Appellee,

v.

JAMES JUSTIN WOODS,
    Defendant - Appellant.

No. 15-3304
(D.C. No. 5:11-CR-40046-JWL-1)
(D. Kan.)

------------------------------

CARL E. CORNWELL, II,
    Attorney - Appellee.
_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

James Woods appeals the district court's partial denial of his motion for an

order directing his trial counsel to release his case file to him. Because Woods hasn't

asserted a valid basis for the district court's jurisdiction, we vacate the district court's

order and remand to the district court with directions to dismiss Woods' motion.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment isn't binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

In 2012, a jury convicted Woods of conspiring to distribute methamphetamine and distributing methamphetamine, and the district court sentenced him to 30 years in prison. In 2013, we granted trial counsel's motion to withdraw and appointed appellate counsel to represent Woods. We affirmed Woods' conviction and sentence on direct appeal. *United States v. Woods*, 764 F.3d 1242 (10th Cir. 2014), *cert. denied* 135 S. Ct. 1866 (2015). In August 2015, Woods filed several pro se motions in his underlying criminal case, including two motions seeking a court order directing trial counsel to surrender the case file to him. Woods advised the court that he needed his case file so he could prepare a habeas motion under 28 U.S.C. § 2255.

In response to a show cause order, Woods' trial counsel advised the court that he was willing to release the case file to Woods. Further, trial counsel explained that the U.S. Attorney's Office has a "rule that all discovery is given as a matter of courtesy," and that by releasing the case file to Woods, trial counsel would run afoul of the U.S. Attorney's Office's requirement "that no case file be given to a defendant." R. vol. 1, 33. The district court ordered the government to show good cause why Woods' trial counsel shouldn't release the case file. In response, the government advised the court that its "traditional process" was to provide defense counsel "with a complete set of discovery with the understanding that none of the discovery would be left in the possession of the defendant." R. vol. 1, 46. The

government maintained that its "understanding" with defense counsel remained in effect "even though the case ha[d] concluded through direct appeal." R. vol. 1, 47.

Without citing a basis for its jurisdiction, the district court granted Woods' motion in part and denied it in part. The court reasoned that Woods was entitled to materials the government was obligated to turn over during trial but that he wasn't entitled to materials the government provided to trial counsel "as a matter of courtesy." R. vol. 1, 58. Thus, the court directed Woods' trial counsel to surrender the case file to Woods, including any materials the government provided during discovery as required by Fed. R. Crim. P. 16. But the court ordered trial counsel to exclude from the surrendered file any materials the government provided to trial counsel "as a matter of courtesy with the express condition that those materials not be left in [Woods'] possession." R. vol. 1, 73-74.

On appeal, Woods argues he is entitled to his entire case file so that he can prepare his § 2255 motion.[1] He argues that "neither the United States Attorney's [O]ffice['s] . . . 'rule' or 'traditional process' justifies withholding . . . access to *any* of the material in trial counsel's possession." Aplt. Br. 20. He quotes the Restatement of the Law Governing Lawyers, asserting, "On request, a lawyer *must allow a client*

---

[1] Woods also argues that the district court erred in denying his request for appointed counsel and his motion for a stay of the § 2255 statute of limitations. But we lack jurisdiction to consider these issues because they are beyond the scope of this appeal. Woods filed a separate notice of appeal as to these issues, and we separately dismissed that appeal for lack of prosecution.

3

*or former client to inspect and copy **any** document possessed by the lawyer relating to the representation*, unless substantial grounds exist to refuse." Aplt. Br. 14. Woods also cites a model rule that requires a lawyer to surrender papers and property "to which the client is entitled," suggesting his trial attorney is ethically obligated to surrender the entire case file. *See* Model Rules of Prof'l Conduct r. 1.16(d) (Am. Bar Ass'n 1983). Additionally, Woods relies on *Spitsyn v. Moore*, 345 F.3d 796, 801-02 (9th Cir. 2003), where the court found an attorney's conduct in failing to prepare and file a § 2255 motion and in subsequently ignoring a prisoner's requests to surrender the case file "sufficiently egregious" to warrant equitable tolling, but remanded for the district court to determine whether the prisoner also "exercised reasonable diligence in pursuing the matter" under those circumstances. In finding the attorney's conduct egregious, the court noted, "[I]t seems unrealistic to expect [defendant] to prepare and file a meaningful petition on his own within the limitations period" without access to the case file that remains in his trial counsel's possession. *Id.* at 801.

Finally, Woods argues, the district court premised its ruling on its mistaken belief that Woods' trial counsel entered into an explicit agreement with the government not to turn over Woods' case file. Woods argues that because there is no evidence of such an agreement, the court mistakenly relied on *United States v. Butler*, No. 99-40069-02-RDR, 2000 WL 134697 (D. Kan. 2000) (unpublished) to support its

4

decision. Woods contends *Butler* is factually distinguishable because, unlike this case, *Butler* involved an express agreement between defense counsel and the government not to provide the defendant with copies of all discovery documents during the defendant's ongoing trial.

Unlike the district court, we decline to wade into the merits of these arguments without first considering jurisdiction. *See Niemi v. Lasshofer*, 728 F.3d 1252, 1259 (10th Cir. 2013) (noting our affirmative obligation to question our jurisdiction and district court's jurisdiction). And we question whether the district court had jurisdiction to order a nonparty—Woods' former trial counsel who withdrew in 2013—to turn over a case file.

Even a pro se appellant has an affirmative obligation to inform us in the opening brief of the basis for the district court's jurisdiction. *See* Fed. R. App. P. 28(a)(4)(A) (requiring appellant's brief to provide factual and legal basis for district court's jurisdiction); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (noting that pro se litigants must follow Rule 28's requirements).

Woods asserts that the district court had jurisdiction under 18 U.S.C. § 3231—a statute that provides district courts with original jurisdiction "of all offenses against the laws of the United States." But § 3231 by itself doesn't give the district court jurisdiction over all post-conviction motions, particularly motions filed in anticipation of filing a § 2255 motion. *See, e.g.*, *United States v. Asakevich*, 810 F.3d

5

418, 420-21 (6th Cir. 2016) (noting that prisoner hadn't yet filed § 2255 motion and finding that § 3231's grant of original jurisdiction didn't "by itself provide [district court with] a basis for considering" post-appeal motion for extension of time to file § 2255 motion (quoting *United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010))); *United States v. Verners*, 15 F. App'x 657, 660 (10th Cir. 2001) (unpublished) (concluding that § 2255 tolling motion wasn't ripe for adjudication when prisoner hadn't yet filed § 2255 motion, vacating district court's denial of tolling motion, and remanding with directions to dismiss); *United States v. Chammout*, No. CR-F-06-426 OWW, 2008 WL 1970813, at *2 (E.D. Cal. May 5, 2008) (unpublished) (finding no basis in Federal Rules of Criminal Procedure to grant motion for post-conviction discovery of exculpatory evidence in anticipation of filing § 2255 motion).

Here, in anticipation of filing a § 2255 motion, Woods filed two pro se motions in a closed criminal proceeding seeking a court order directing a nonparty, his former trial counsel, to turn over his case file.[2] Woods fails to offer any explanation or authority to support his suggestion that § 3231's grant of original jurisdiction over the criminal proceedings empowered the district court to resolve his motions.

---

[2] We recognize Woods' desire to obtain the entire case file so he can file a meaningful § 2255 motion. *See Spitsyn*, 345 F.3d at 801. Notably, the record shows that in April 2016, after filing this appeal, Woods actually filed a § 2255 motion. Moreover, the government acknowledged in its response brief that if Woods filed a § 2255 motion, he could move the district court for a discovery order pursuant to that motion. Thus, it appears Woods now has an avenue to request the information he seeks. *See* Rule 6, Rules Governing Section 2255 Proceedings for the United States District Courts.

Because Woods fails to assert a valid basis for the district court's jurisdiction in his opening brief, *see* Fed. R. App. P. 28(a)(4)(A), we vacate the district court's order and remand with directions to dismiss Woods' motion.[3]

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] Woods filed two motions in this appeal seeking a stay of the § 2255 statute of limitations. We denied the first motion in December 2015, noting that the issue of a stay wasn't ripe because Woods hadn't actually filed a § 2255 motion. *See Verners*, 15 F. App'x at 660 (explaining that a motion for stay is ripe "only when a § 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the court *sua sponte*"). In March 2016, Woods filed a second motion to stay the limitation period and that motion remains pending. While Woods hadn't filed a § 2255 motion at the time he filed his most recent motion to stay in this court, as we have noted, Woods subsequently filed a § 2255 motion in district court and simultaneously moved the district court to stay the § 2255 statute of limitations. Because the district court has ordered briefing on the motion for stay, it is better situated to consider the motion in the first instance. Accordingly, we deny Woods' pending motion for stay in this court.

No. 15-3304, *United States v. Woods*

**HOLMES, J.**, concurring in the judgment, joined by **KELLY, J.**, who concurs in the order and judgment and Judge Holmes' concerns about any conditional discovery policy.[*]

I respectfully concur only in the judgment. Though this is not the proper setting in which to definitively opine on these matters, suffice it to say that I harbor significant concern regarding the ethical or legal propriety *vel non* of what the government's counsel represented to the district court was the "traditional process employed in criminal cases" by the United States Attorney's Office for the District of Kansas ("USAO") of conditioning the delivery to defense counsel of "a complete set of discovery" on "the understanding that *none* of the discovery would be left in the possession of the defendant." R. at 46 (emphasis added). I do not believe that the majority's opinion—which turns on the procedural question of jurisdiction (or, more precisely, the lack of a proper showing thereof)—could be reasonably read as endorsing the propriety of USAO's so-called "traditional process" (i.e., its conditional-discovery policy). However, even the remote possibility that the majority's opinion might be construed in this manner leads me to concur only in the judgment, not the majority's reasoning.

---

[*]Judge Kelly also agrees with Judge Holmes that this order and judgment could not be reasonably read to endorse such a policy.