**Joseph J. REED, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 00–4323.

United States Court of Appeals,
Sixth Circuit.

June 15, 2001.

Before JONES, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

Joseph J. Reed, a pro se federal prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted Reed of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and possession of 76.77 grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 240 months of incarceration, 10 years of supervised release, and a special assessment of $200. This court affirmed his convictions on direct appeal on April 15, 1998. *United States v. Reed,* 141 F.3d 644 (6th Cir.1998).

On May 3, 2000, Reed filed his § 2255 motion, asserting that trial counsel rendered ineffective assistance by not challenging the government's failure to prove that the substance in Reed's possession was crack cocaine. The district court dismissed the petition as untimely, but issued a certificate of appealability (COA) as to whether the petition was timely due to equitable tolling.

In his timely appeal, Reed raises the certified issue and moves for miscellaneous relief.

█ Initially, we note that because the COA authorized review only of the issue of equitable tolling, this court may not review any other issue. *See* 28 U.S.C. § 2253(c).

To obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999). This court reviews de novo a district court's decision not to apply equitable tolling where the facts are undisputed and the district court determined as a matter of law that there were no grounds that would justify equitable tolling. *Dunlap v. United States,* 250 F.3d 1001, 1007 & n. 2 (6th Cir.2001).

The district court properly determined that Reed's § 2255 motion was untimely and that equitable tolling did not apply. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner has one year from the date his conviction became final to file a motion to vacate. *See* 28 U.S.C. § 2255. Reed's conviction became final on July 14, 1998, after the expiration of the 90–day period in which Reed could have filed a petition for certiorari for direct review in the Supreme Court. *See Isham v. Randle,* 226 F.3d 691, 694–95 (6th Cir.2000) (§ 2254), *cert. denied,* —— U.S. ——, 121 S.Ct. 1211, 149 L.Ed.2d 124 (2001). Reed filed his § 2255 motion on May 3, 2000, nearly ten months after the statute of limitations had expired. Absent tolling, his motion was untimely.

█ The one-year limitations period found in AEDPA is subject to equitable tolling because it is a statute of limitations, not a jurisdictional bar. *Dunlap,* 250 F.3d 1001, 1003–9. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of

notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* at 1009.

 Reed has failed to establish any basis for equitable tolling. Although Reed argued that the district court had granted him leave to file an untimely § 2255 motion in a letter predating the filing of his motion, the district court did not have the authority to do so. Federal courts simply lack jurisdiction to consider a request for an extension of time to file a § 2255 motion. *United States v. Leon,* 203 F.3d 162, 163–64 (2d Cir.2000); *In re Application of Wattanasiri,* 982 F.Supp. 955, 957–58 (S.D.N.Y.1997).

 Furthermore, Reed's ignorance about filing a § 2255 motion did not toll the limitations period. *See United States v. Baker,* 197 F.3d 211, 218–19 (6th Cir. 1999) (in direct criminal appeal, court noted that accepting an ignorance-of-the-law excuse would encourage and reward indifference to the law), *cert. denied,* 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000). We decline to consider Reed's affidavit included in his appellate brief as this court will not consider evidence not first presented to the district court. *See Guarino v. Brookfield Township Trs.,* 980 F.2d 399, 404 (6th Cir.1992).

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.