**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PETER ROBERT JAMES,

    Defendant - Appellant.

No. 17-1217
(D.C. No. 1:12-CR-00095-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Peter Robert James, a federal prisoner proceeding pro se, filed a motion in district court entitled "Motion to Obtain Information From Federal Public Defender" (Motion for Information), which the court denied. He filed a Motion for Reconsideration, which the district court denied on June 9, 2017. Mr. James then filed a notice of appeal stating he was appealing "the final judgment and order entered by the U.S. District Court . . . on June 9, 2017." R. Vol. I, at 65. We conclude we have jurisdiction to consider only the Motion for Reconsideration, and

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

we remand for dismissal because the district court lacked subject-matter jurisdiction over either motion. We also deny Mr. James's request for authorization to file a second or successive 28 U.S.C. § 2255 motion.

I. BACKGROUND

In 2012, Mr. James pleaded guilty to distribution of child pornography and was sentenced to 180 months' imprisonment. His defense attorney was Edward R. Harris with the Federal Public Defender's office. Mr. James did not appeal his conviction. In 2016, Mr. James filed a 28 U.S.C. § 2241 motion claiming actual innocence, which the district court construed as a § 2255 motion and denied on March 10, 2016 as untimely filed under 28 U.S.C. § 2255(f)(1). Mr. James did not appeal. He filed a Fed. R. Crim. P. 35 motion to correct his sentence, which the court denied on May 23, 2016. He did not appeal that denial.

On May 27, 2016, Mr. James filed the Motion for Information in the same district court, invoking the district court's jurisdiction over his criminal proceedings, R. Vol. I, at 45 (citing criminal case number in caption). Without reference to any statutory basis, Mr. James asked the district court to order Mr. Harris to turn over his time records relating to his criminal case. Mr. James stated he needed these time records because he was "entitled to effective assistance of counsel and should have the right to know what was done on his case by his attorney." R. Vol. I, at 45.

On May 19, 2017, the district court denied the motion. It noted that Mr. James had not identified any relevant basis for the attorney's records, but presumed he sought "copies of the time sheets to investigate a claim of ineffective assistance of

2

counsel." *Id*. at 56. The court denied the records request because any § 2255 motion would be barred by the one-year limitations period of § 2255(f)(1). *Id*. at 56-57.

On June 7, 2017, Mr. James filed a Motion for Reconsideration. The Federal Rules of Criminal Procedure do not authorize motions for reconsideration, but the Supreme Court has permitted them in criminal proceedings, noting the "wisdom of giving district courts the opportunity promptly to correct their own alleged errors." *United States v. Dieter*, 429 U.S. 6, 8 (1976) (per curiam); *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (recognizing that criminal defendants may file motions for reconsideration). In his Motion for Reconsideration, Mr. James asserted it would be manifestly unjust for the district court to deny him Mr. Harris's time records because he had recent correspondence from Mr. Harris showing his conviction had been based on false, uncharged evidence.

The district court denied the Motion for Reconsideration on June 9, 2017, concluding Mr. James had not argued his alleged new evidence was "such that 'no reasonable factfinder would have found the movant guilty'" of the offense, the standard required to obtain authorization from the circuit court to file a second § 2255 motion. R. Vol. I, at 64 (quoting 28 U.S.C. § 2255(h)(1)). Mr. James filed his notice of appeal on June 21, 2017.

II.  DISCUSSION

A.  The Notice of Appeal is Timely Only as to the Motion for Reconsideration.

We first consider which orders we have jurisdiction to review.  A notice of appeal must "designate the judgment, order, or part thereof being appealed," Fed. R. App. P. 3(c)(1)(B), and "[o]ur appellate review is limited to final judgments or parts thereof that are designated in the notice of appeal." *Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 444 (10th Cir. 1990).  As noted, Mr. James's notice of appeal states his intent to appeal "the final judgment and order entered by the U.S. District Court . . . on June 9, 2017."  R. Vol. I, at 65.  This specifically refers to the June 9 denial of his Motion for Reconsideration, but his reference to the "final judgment and order" might indicate his intent to also appeal the denial of the Motion for Information.  In some circumstances, an appeal from the denial of a motion for reconsideration can be sufficient to permit consideration of the merits of the underlying order, but only if the intent to appeal from the merits order is clear.  *See Artes-Roy v. City of Aspen*, 31 F.3d 958, 961 n.5 (10th Cir. 1994).  Here, we need not determine that issue because any appeal from the denial of the Motion for Information is untimely.

The rules of criminal procedure provide fourteen days to file a notice of appeal in a criminal case.  Fed. R. App. P. 4(b)(1)(A)(i).  A motion for reconsideration in a criminal proceeding must be filed within that fourteen-day period prescribed for filing a notice of appeal, *see Randall*, 666 F.3d at 1242, and if timely filed, tolls the time to appeal the underlying judgment or order, *United States v. Jackson*, 950 F.2d

4

633, 636 (10th Cir. 1991) (observing that a motion for reconsideration filed in a criminal case tolls the time for appealing); *see also* Fed. R. App. P. 4(b)(3)(A) (tolling motions in a criminal case must be filed within fourteen days). Applying these rules, Mr. James's June 21 notice of appeal was untimely filed more than fourteen days after the May 19 order denying the Motion for Information, *see* Rule 4(b)(1)(A)(i), and his June 7 Motion for Reconsideration did not toll that time because it also was filed more than fourteen days after May 19. Although the time limit in Rule 4(b)(1)(A)(i) is not jurisdictional, it is a mandatory claim-processing rule that "must be enforced by this court when properly invoked by the government." *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008). The government did invoke Rule 4(b) in its appellate brief, Aplee. Br. at 1, 7; thus, Mr. James's notice of appeal was untimely as to the May 19 order. We do, however, have jurisdiction to review the denial of the Motion for Reconsideration because Mr. James's June 21 notice of appeal is timely as to the June 9 denial of that motion.

    B.  <u>The District Court Lacked Jurisdiction</u>.

The Motion for Information sought an order directing Mr. Harris, a non-party, to turn over his time records from Mr. James's criminal case. Mr. James referenced his criminal case number in the Motion for Information, but he did not cite to any statute or procedural rule as a basis for his request. Further, no criminal or habeas proceedings were currently pending in the district court. The Motion for Information was not identified as a Fed. R. Civ. P. 59(e) or 60(b) motion relating to the orders denying § 2255 and Rule 35 relief, nor did it invoke any relief recognized by those

5

rules. It did not, in fact, seek any relief related to his conviction or sentence; it merely sought his prior attorney's time records. The district court presumed Mr. James filed the motion in anticipation of later filing an untimely, unauthorized second or successive § 2255 motion, but the Motion itself does not reference § 2255.

The government argues that the district court lacked subject-matter jurisdiction to consider the Motion for Information, and thus also lacked jurisdiction to consider the Motion for Reconsideration. Mr. James did not articulate any basis for the district court's jurisdiction in his opening brief. Even a pro se appellant has an affirmative obligation to inform us in the opening brief of the basis for the district court's jurisdiction. *See* Fed. R. App. P. 28(a)(4)(A) (requiring appellant's brief to provide factual and legal basis for district court's jurisdiction); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (noting that pro se litigants must follow Rule 28's requirements). And Mr. James did not assert any basis for the district court's jurisdiction in reply to the government's brief. The government is correct.

"Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (brackets and internal quotation marks omitted). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts do have original

6

jurisdiction over cases charging federal crimes.  *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States.").  But § 3231 jurisdiction ends when the district court enters final judgment in the criminal case and the time to appeal that judgment has expired.  *See United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017) (holding that entry of final judgment in a criminal case "ended the court's § 3231 jurisdiction"); *United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010) (holding district court's § 3231 jurisdiction ended when it "entered [an] unchallenged final judgment[]"); *United States v. Breeden*, 366 F.3d 369, 372 (4th Cir. 2004) ("In the criminal context, finality comes with the conviction and imposition of sentence." (internal quotation marks omitted)).

After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule.  *See United States v. Spaulding*, 802 F.3d 1110, 1112 (10th Cir. 2015) (holding the jurisdiction of § 3231 does not extend to setting aside a knowing and voluntary guilty plea).  Section "3231 by itself doesn't give the district court jurisdiction over all post-conviction motions, particularly motions filed in anticipation of filing a § 2255 motion."  *United States v. Woods*, No. 15-3304, 2016 WL 3457754, at *2 (10th Cir. June 21, 2016) (unpublished); *see also United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (holding that § 3231's grant of original jurisdiction did not "by itself provide [district court with] a basis for considering" a post-appeal motion for extension of time to file § 2255 motion (internal quotation marks omitted)).

7

The district court had jurisdiction to resolve Mr. James's § 2255 and Rule 35 motions because those provisions confer jurisdiction. But the district court had entered final judgment on those motions, and the Motion for Information did not invoke any Rule 59(e) or 60(b) relief from those denials. Thus, the district court no longer had jurisdiction under § 3231, § 2255, or Rule 35. Further, it lacked jurisdiction to consider a second § 2255 motion from Mr. James unless he first obtained authorization from this court to file a second or successive § 2255 motion. *See* § 2255(h)(1). Thus, if the district court was construing the Motion for Information as a § 2255 motion, it could only dismiss it for lack of jurisdiction. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (holding that absent § 2255(h) authorization court did "not even have jurisdiction to deny the relief sought in the pleading")

Because the district court lacked jurisdiction, it had no authority to rule on the merits of Mr. James's request for attorney time records. *See Steel Co*., 523 U.S. at 101-02 ("For a court to pronounce upon [the merits] when it has no jurisdiction to do so is . . . for a court to act ultra vires."). Because the district court lacked subject-matter jurisdiction over the action, it also lacked jurisdiction over the Motion for Reconsideration, challenging its merits ruling on the Motion for Information. *See id*. at 94 ("Without jurisdiction the court cannot proceed at all in any cause." (internal quotation marks omitted)). Moreover, the district court lacked any authority to render its advisory opinions that a not-yet filed and not-yet authorized second or successive § 2255 motion would be untimely and would not meet the authorization

8

requirements. *See Camreta v. Greene*, 563 U.S. 692, 717 (2011) ("The 'judicial Power' is one to render dispositive judgments, not advisory opinions." (internal quotation marks omitted)).

Because the district court lacked jurisdiction, then we have jurisdiction only to "correct[] the error of the lower court in entertaining the suit." *Steel Co.*, 523 U.S. at 95 (internal quotation marks omitted). Accordingly, we must remand the case with directions to the district court to dismiss the Motion for Reconsideration.

C. Request for Authorization to File a Second or Successive § 2255 Motion.

Mr. James's appeal brief includes a new request that this court authorize him to file a second and successive § 2255 motion. Aplt. Br. at 4. We may authorize a successive § 2255 motion only if it is based on (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Mr. James asserts he has new evidence. First, he cites a May 2017 letter from Mr. Harris reminding Mr. James that he could have been charged with production of child pornography, which would have carried a thirty-year sentence, as he explained to Mr. James before he pleaded guilty to only one count, distribution of child pornography. Next, Mr. James attaches two excerpts of what he says are police investigation reports of him from 2012, none of which are complete. One excerpt

9

states the investigator did not locate videos of child pornography on one computer device. The other excerpt states that an image of a horse on a computer did not match an image on a video, so the investigator did not obtain a screen shot of the image. Nothing in this so-called new evidence is sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Mr. James guilty of the offense, as required by § 2255(h)(1). Thus authorization to file a successive § 2255 motion is denied.

III. CONCLUSION

We remand the case with directions to the district court to dismiss the Motion for Reconsideration and for further proceedings consistent with this decision. We deny Mr. James's request for authorization to file a successive § 2255 motion. We grant Mr. James's request to proceed without prepayment of costs and fees. *See* 28 U.S.C. § 1915(a)(1) (allowing courts to authorize the commencement of a civil or criminal suit or appeal "without prepayment of fees or security therefor"). We remind Mr. James that only prepayment is excused, *see id.*, and that he remains obligated to pay the full amount of costs and fees, and must continue making partial payments until that obligation is satisfied.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

10

17-1217, *United States v. James*

**HARTZ**, Circuit Judge, concurring:

I concur in the disposition and in all of Judge McHugh's opinion except the discussion of jurisdiction. Regarding jurisdiction, I agree that we should dismiss for lack of jurisdiction because "Mr. James did not articulate any basis for the district court's jurisdiction in his opening brief." Maj. Op. at 6. But I am not as confident as the majority that further study could not indicate a basis for jurisdiction. After all, district courts apparently have jurisdiction to order the disclosure of grand-jury information under Fed. R. Crim. P. 6(e) (which could not be an independent source of jurisdiction) after final disposition of a criminal case. Perhaps 18 U.S.C. § 3231 provides jurisdiction. *See United States v. Spaulding*, 802 F.3d 1110, 1128–29 (10th Cir. 2015) (Gorsuch, J., dissenting). (As I understand the majority opinion in *Spaulding*, the determination that the district court lacked jurisdiction was based largely on the restrictions imposed by 18 U.S.C. § 3582.) The core problem here, as noted by the district court, was simply that Mr. James's motions had no merit.