**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LUIS ENRIQUE SALAZAR
BENITEZ,

    Defendant-Appellant.

No. 17-8094
(D.C. No. 2:16-CR-00020-ABJ-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

_____

Mr. Luis Salazar Benitez pleaded guilty to conspiracy to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The district court sentenced him to 135 months' imprisonment, and Mr. Benitez did not appeal. Nine months later, Mr. Benitez filed a motion to compel his former attorney to furnish his criminal case file. The district court denied the motion because Mr. Benitez had not cited any authority showing that

---

[*]     We have determined that oral argument would not materially help us to decide the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But this order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

the court had the power to order such relief. Mr. Benitez filed two more motions to compel over the following months. The district court denied these motions, again relying on the lack of any cited authority showing the power to order such relief.

Mr. Benitez appeals the district court's denial of his second and third motions to compel, arguing that the rulings violated the First, Fifth, Sixth, and Fourteenth Amendments and 18 U.S.C. §§ 241, 242, and 1001. Because Mr. Benitez had failed to assert a valid basis for jurisdiction, the district court denied the motions. Technically, however, the motions should have been "dismissed" rather than "denied."

Before addressing the merits of Mr. Benitez's motion, we must ensure not only our own jurisdiction but also the district court's. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). Federal district courts have limited jurisdiction, which is established by the Constitution and federal statutes and may not be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing jurisdiction falls on Mr. Benitez. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 & n.3 (2006); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (noting that pro se litigants must follow the same procedural rules that govern other litigants).

The district court had jurisdiction over Mr. Benitez's criminal case under 18 U.S.C. § 3231. But § 3231's grant of jurisdiction ended upon entry of the final judgment. *See United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (concluding that § 3231 does not provide jurisdiction for a district court to consider a post-conviction motion); *accord United States v. Spaulding*, 802 F.3d 1110, 1116–17 (10th Cir. 2015) (rejecting an argument that § 3231 created jurisdiction to set aside a guilty plea after entry of a final judgment). Mr. Benitez filed his motions to compel months after the district court had entered a final judgment. Therefore, § 3231 did not create jurisdiction to consider the second and third motions to compel, and Mr. Benitez must establish jurisdiction under some other source.

Mr. Benitez does not identify any other source to support the district court's jurisdiction. He generally points to the Constitution as the authority underlying his claim, but nothing in the Constitution would empower the district court to order a third-party to produce documents in a closed criminal case.

As the movant, Mr. Benitez bore the burden to establish the district court's jurisdiction over his second and third motions to compel. *See* p. 2, above. He failed to carry his burden, preventing the district court from exercising jurisdiction over the motions. *See United States v. James*, No. 17-1217, 2018 WL 1560251, at *3 (10th Cir. Mar. 29, 2018) (unpublished) (concluding that the district court lacked jurisdiction to consider the

defendant's post-judgment motion to compel his former attorney to turn over records in his criminal case); *United States v. Woods*, No. 15-3304, 2016 WL 3457754, at *2–3 (10th Cir. June 23, 2016) (unpublished) (same).

When the district court lacks jurisdiction over a motion, the proper disposition is "dismissal" rather than "denial." *City of Boulder v. Snyder*, 396 F.2d 853, 856 (10th Cir. 1968); *accord Pagants v. Blonstein*, 3 F.3d 1067, 1073 (7th Cir. 1993). Thus, we have directed district courts to "dismiss" motions seeking orders for records from their prior attorneys. *James*, 2018 WL 1560251, at *4; *Woods*, 2016 WL 3457754, at *3.

Here, the district court recognized that it lacked jurisdiction, but ordered "denial" rather than "dismissal." Technically, the motions should have been "dismissed" rather than "denied." We therefore vacate the district court's rulings and remand with instructions to dismiss the second and third motions based on a lack of jurisdiction.

Entered for the Court

Robert E. Bacharach
Circuit Judge

4