NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0087n.06

Case No. 19-2362

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Feb 10, 2021 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
|  | ) |  |
| RUFFIN LEON PARKER, III, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |

O R D E R

BEFORE: SUTTON, COOK, and READLER, Circuit Judges.

SUTTON, Circuit Judge. May a federal court deny relief before it is requested? Tempting though the reasons may be to say yes in this case, the answer is no. We accordingly vacate the judgment of the district court denying a sentence modification.

Ruffin Parker pleaded guilty to conspiring to possess with intent to distribute over 1,000 kilograms of marijuana. *See* 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(vii). The district court treated him as a career offender and sentenced him to 210 months of imprisonment. *In re Parker*, No. 18-2187, at *1 (6th Cir. Feb. 26, 2019). Since then, the district court has once reduced Parker's sentence, it has once denied Parker's § 2255 motion challenging his career-offender status, and we have twice denied Parker's requests to file a second or successive § 2255 motion. *Id.*

That brings us to today's matter. After our decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam), Parker asked the district court to appoint an attorney to help him address how that decision—altering the use of prior convictions to establish career-offender status—might affect his own case. The district court granted his request.

Parker's appointed counsel filed a brief explaining that *Havis* does not provide grounds for relief on collateral review. *See Bullard v. United States*, 937 F.3d 654, 658–59 (6th Cir. 2019). He requested that the district court hold Parker's "case" in abeyance pending a petition for a writ of certiorari in *Havis*. (The Supreme Court did not grant the petition.)

Through it all, Parker never filed a successive § 2255 motion nor even applied for one.

In response to all of this, the district court "construe[d]" Parker's brief—the one explaining how *Havis* would not help him—"as a motion for sentence modification under *Havis*." R.612 at 1. Without addressing the stay request, it reasoned that *Havis* did not offer any help to Parker and explained that, "to the extent that Parker's brief requests relief, it is DENIED." *Id.* at 3.

Parker appeals.

There is a lot more that goes into being a district court judge than a court of appeals judge. For that reason, we should be reluctant to interfere with the many challenges that confront trial courts faced with all manner of filings, requests, and pleas for relief from incarcerated individuals. The unusual sequence of events presented by today's matter, we suspect, typifies the wide range of requests faced by clerks of court and the trial courts they serve. All of this makes it tempting to look the other way when one-of-a-kind filings unwittingly and unintentionally sidestep the strictures of Article III. But just as federal courts may not permit "plaintiff-less complaints" filed under novel circumstances, *In re: 2016 Primary Election*, 836 F.3d 584, 588 (6th Cir. 2016), they may not decide controversy-less disputes under prosaic circumstances. A dispute must be real,

substantial, and "admitting of specific relief through a decree of a conclusive character." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937). Potential cases fall short. Unless and until a plaintiff seeks relief, federal courts must avoid offering "advisory opinions about what they might do *if* an action were filed." *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016).

All Parker sought was a stay pending a petition for a writ of certiorari. No more, no less. In construing that request as a motion for a sentence reduction, the district court entertained a dispute that did not—and may not ever—exist. *See Trump v. New York*, 141 S. Ct. 530, 535 (2020) (per curiam). In construing Parker's motion as one to modify his sentence and denying relief, the court resolved a hypothetical request, not a live dispute. Because "[f]ederal courts do not lightly grant relief in non-existent cases," *Asakevich*, 810 F.3d at 420, the district court ventured a step too far.

The mishap springs from the best of intentions. Parker's own attorney (helpfully) explained that our intervening precedent does not affect Parker's sentence. Why wait to say just that? The laudable aims of judicial efficiency sometimes must bend to the imperatives of Article III. While federal courts may be tempted to do here and now what likely (maybe surely) will be done there and then, the Constitution demands that we wait. If Parker files an application for a successive § 2255 motion, we can address whether his claim clears the certification threshold at that point. *See* 28 U.S.C. § 2255(h). Until then, the federal courts lack the power to do so preemptively.

One matter lingers. The district court's order did have some legal effect. Because Parker requested a stay, the district court had the power to deny that relief. And because a district court's order denying a stay of its own proceedings is not generally appealable, we lack jurisdiction to consider his appeal of that decision. *Swanson v. DeSantis*, 606 F.3d 829, 834 (6th Cir. 2010).

To the extent the district court denied a request to modify Parker's sentence, that judgment is VACATED and the case is REMANDED with instructions to dismiss Parker's motion for lack of subject matter jurisdiction. The appeal of the district court's order denying Parker's request for a stay is DISMISSED for lack of jurisdiction.