**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TIZOC CHALCHIHUTLATON GARCIA-
HERRERA,

    Defendant - Appellant.

No. 17-6209

_____

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 5:16-CR-00116-HE-8)**
_____

Submitted on the briefs:[*]

Tizoc Chalchihutlaton Garcia-Herrera, *pro se*.

Robert J. Troester, Acting United States Attorney, and David McCrary, Assistant United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.
_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

**McKAY**, Circuit Judge.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Tizoc Chalchihutlaton Garcia-Herrera was charged with numerous counts relating to a drug conspiracy. He pled guilty to one count pursuant to a plea agreement in which he waived his right to appeal or challenge his conviction or sentence with respect to all claims but claims of ineffective assistance of counsel. The government dismissed the other counts. Appellant was sentenced to 151 months' imprisonment on the count of conviction. He did not file an appeal.

Apparently dissatisfied with counsel, Appellant filed a pro se "Motion to Compel Former Attorney to Produce Record File/Work Product Material" in his closed criminal case. (R. at 219.) His motion demanded "all documents and work regarding his case." (*Id.*) He did not identify any potential substantive basis for relief. He did not state that he intended to file a motion for relief pursuant to 28 U.S.C. § 2255. In fact, he asserted that he was "not attempting a 'Fishing Expedition' into his record to find 'Possible Errors.'" (R. at 219–20.) His only claim of motivation to seek the files was his need "to have even the slightest chance at proving any future claims before this Honorable Court." (R. at 219.)

The district court granted partial relief and directed defense counsel to provide Appellant with certain documents. Appellant appealed that order, claiming a right to all of the files. In response, the government argued that the district court lacked jurisdiction to grant any part of the motion and requested that this court vacate the district court's

2

order and remand with instructions to dismiss Mr. Garcia-Herrera's motion for lack of jurisdiction.[1]

Our first duty in every case is to first determine our jurisdiction. The only authority Appellant cites for federal jurisdiction in this case is 28 U.S.C. §§ 1331 and 3231. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." We do not see how this statute would give a district court jurisdiction over a motion to compel filed in a criminal case. As for Appellant's reliance on § 3231, in an unpublished opinion in a case essentially identical to the one before us, we held:

> Woods asserts that the district court had jurisdiction under 18 U.S.C. § 3231—a statute that provides district courts with original jurisdiction "of all offenses against the laws of the United States." But § 3231 by itself doesn't give the district court jurisdiction over all post-conviction motions, particularly motions filed in anticipation of filing a § 2255 motion. *See, e.g.*, *United States v. Asakevich*, 810 F.3d 418, 420–21 (6th Cir. 2016) (noting that prisoner hadn't yet filed § 2255 motion and finding that § 3231's grant of original jurisdiction didn't "by itself provide [district court with] a basis for considering" post-appeal motion for extension of time to file § 2255 motion (quoting *United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010))); *United States v. Verners*, 15 Fed.Appx. 657, 660 (10th Cir. 2001) (unpublished) (concluding that § 2255 tolling motion wasn't ripe for adjudication when prisoner hadn't yet filed § 2255 motion, vacating district court's denial of tolling motion, and remanding with directions to dismiss); *United States v. Chammout*, No. CR–F–06–426 OWW, 2008 WL 1970813, at *2 (E.D. Cal. May 5, 2008) (unpublished) (finding no basis in Federal Rules of Criminal Procedure to grant motion for post-conviction discovery of exculpatory evidence in anticipation of filing § 2255 motion).

*United States v. Woods*, No. 15-3304, 2016 WL 3457754, at *2 (10th Cir. June 23, 2016)

(alterations in original).

---

[1] "Although the government did not file a cross-appeal, we can consider this issue because it concerns the district court's subject matter jurisdiction." *Lopez v. United States*, 823 F.3d 970, 975 n.6 (10th Cir. 2016).

While we are not bound by that case we find it persuasive on this point. We also note that its reasoning is in accordance with the reasoning of our sister circuits. *See, e.g.*, *United States v. Wahi*, 850 F.3d 296, 299–303 (7th Cir. 2017) ("The district court's statutory original criminal jurisdiction cannot support [the defendant's] petition for expungement" because "the entry of final judgment in the case ended the court's § 3231 jurisdiction."); *Asakevich*, 810 F.3d at 420 ("[I]n the aftermath of a final judgment of conviction and sentence and in the absence of a pending § 2255 motion, there was no action in the district court to which the motion could apply."). Because Appellant has not proffered any other support for jurisdiction over this matter either here or in the district court, he has not met his burden of establishing that the district court had jurisdiction over his post-conviction motion to compel. *See Woods*, 2016 WL 3457754, at \*2 ("Even a pro se appellant has an affirmative obligation to inform us in the opening brief of the basis for the district court's jurisdiction."); *United States v. Benitez*, 720 F. App'x 509, 510 (10th Cir. 2018) ("As the movant, Mr. Benitez bore the burden to establish the district court's jurisdiction over his second and third motions to compel. He failed to carry his burden, preventing the district court from exercising jurisdiction over the motions." (citation omitted)).

We therefore **VACATE** the district court's order and **REMAND** with directions to dismiss Mr. Garcia-Herrera's motion.