**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEITH McDANIEL,

    Defendant - Appellant.

No. 18-3107
(D.C. No. 2:07-CR-20168-JWL-22)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MORITZ**, and **EID**, Circuit Judges.
_____

    Keith McDaniel appeals from the district court's denial of his Fed. R. Crim. P.

6(e) motion to release grand jury materials and his subsequent motion for

reconsideration.  Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the

district court's orders and remand with instructions to dismiss for failure to establish

jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In 2009, Keith McDaniel was convicted of participating in a drug-trafficking conspiracy and was sentenced to 360 months' imprisonment. *United States v. McDaniel*, 433 F. App'x 701, 702, 704 (10th Cir. 2011) (per curiam). He unsuccessfully pursued a direct appeal, *see id.* at 705, and a post-conviction attack under 28 U.S.C. § 2255, *see United States v. McDaniel*, 555 F. App'x 771, 773 (10th Cir. 2014).

This appeal arises out of an April 2018 motion seeking release of grand jury materials that McDaniel filed under Rule 6(e)(3)(E)(ii). He asserted that he needed certain grand jury testimony to prove prosecutorial overreaching and a lack of evidence of his participation in the conspiracy. Without waiting for a government response, the district court denied the motion on the merits, holding that McDaniel had failed to show a particularized need for the materials and had failed to overcome the presumption against disclosure of grand jury materials. It then summarily denied McDaniel's motion to reconsider.

## DISCUSSION

On appeal, the government asserts that the district court lacked jurisdiction to consider McDaniel's motions. It argues that criminal jurisdiction under 18 U.S.C. § 3231 ends upon the district court's entry of judgment, and it asserts that it can identify no other jurisdictional basis for the district court to consider the Rule 6(e)(3)(E)(ii) motion. Although he filed a reply brief, McDaniel did not respond to the government's jurisdictional argument.

2

"We are obligated to satisfy ourselves as to our own jurisdiction and this obligation extends to an examination of the federal district court's jurisdiction as well." *Comanche Indian Tribe of Okla. v. Hovis*, 53 F.3d 298, 302 (10th Cir. 1995). It is McDaniel's burden to establish that the district court had jurisdiction over his motions. *United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018).

In *Garcia-Herrera*, we concluded that a prisoner had failed to show that the district court had jurisdiction to consider his motion to compel his former attorney to produce his file. *Id.* We rejected the prisoner's reliance on 18 U.S.C. § 3231, stating, "§ 3231 by itself doesn't give the district court jurisdiction over all post-conviction motions, particularly motions filed in anticipation of filing a § 2255 motion." *Id.* (internal quotation marks omitted). We also cited authority approving the proposition that "'the entry of final judgment in the case ended the court's § 3231 jurisdiction.'" *Id.* (quoting *United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017)).

In light of *Garcia-Herrera*, we cannot conclude that § 3231 afforded the district court jurisdiction over the Rule 6(e)(3)(E)(ii) motion. *See also United States v. Asakevich*, 810 F.3d 418, 420-21 (6th Cir. 2016) (concluding that § 3231 does not provide jurisdiction for a district court to consider a motion to extend the time to file a 28 U.S.C. § 2255 motion); *United States v. Spaulding*, 802 F.3d 1110, 1112 (10th Cir. 2015) (concluding that "§ 3231 does not, standing alone, confer upon a district court jurisdiction to set aside a previously imposed criminal judgment that contains a term of imprisonment"). And McDaniel failed to respond to the

3

government's argument and has not identified any other authority that would allow the district court to exercise jurisdiction over his motion. He therefore has not satisfied his burden of showing that the district court had jurisdiction. *See Garcia-Herrera*, 894 F.3d at 1220-21 ("Even a pro se appellant has an affirmative obligation to inform us in the opening brief of the basis for the district court's jurisdiction." (internal quotation marks omitted)).

## CONCLUSION

Because McDaniel fails to assert a valid basis for the district court's jurisdiction, we vacate the district court's orders denying his Rule 6(e)(3)(E)(ii) motion and motion for reconsideration and remand with directions to dismiss.

Entered for the Court


Nancy L. Moritz
Circuit Judge

4