FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RONALD DAVID RAINEY,

    Defendant - Appellant.

Nos. 18-1436 & 18-1474
(D.C. No. 1:13-CR-00490-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.
_____

In these combined appeals, Ronald David Rainey, a federal prisoner

proceeding pro se, appeals two district court orders. In the first, the court denied his

Motion to Enter an Amended Judgment to Modify and Defer Restitution (Motion to

Defer). In the second, the court denied his Motion to Correct the Record. Because

Rainey fails to establish that the district court had jurisdiction over the Motion to

Defer, we vacate the district court's order denying that motion and remand with

_____

    * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

instructions to (1) strike from the record the order denying the Motion to Defer and (2) dismiss the Motion to Defer for lack of jurisdiction. Consequently, the Motion to Correct the Record is moot. We therefore vacate the order denying the Motion to Correct the Record and remand with instructions to dismiss that motion as moot.

## I. **Background**

In 2011, Rainey was convicted of mail fraud in the United States District Court for the Eastern District of North Carolina. He was sentenced to 120 months' imprisonment.

In 2013, Rainey escaped from a federal prison in Colorado. He was caught in Nevada two days later. In April 2014, Rainey pled guilty to one count of escape and was sentenced in the United States District Court for the District of Colorado to 15 months' imprisonment to run consecutively to the North Carolina sentence. He was also ordered to immediately pay a $100 special assessment and $819.60 in restitution to the owner of a vehicle that, as Rainey admitted in his plea agreement, he "took possession of" during his escape, R., Vol. 1 at 23.[1] The court further ordered that if any restitution to the car owner remained unpaid when Rainey was released from custody, he was to pay at least 10% of his gross monthly wages to the car owner. Rainey did not appeal his escape conviction or sentence.

In 2015, the Eastern District of North Carolina entered an amended judgment in the mail-fraud case against Rainey, ordering him to pay over $2 million in

---

[1] All our record citations are to the record in appeal No. 18-1436.

restitution to the victims of his fraud. The court deferred payment of that restitution until 60 days after Rainey's release from federal custody, at which time Rainey is required to make monthly payments of $150, to be divided among his victims in proportion to the amount of their loss.

In August 2018, more than four years after Rainey was sentenced in the escape case, Rainey filed in the District of Colorado the Motion to Defer. In that motion, Rainey asserted that the United States Bureau of Prisons (BOP) had recently ordered him to pay $25 per quarter toward his restitution obligation in the escape case. He further claimed that the Colorado court's requirement that he begin paying restitution immediately conflicted with the Mandatory Victims Restitution Act of 1996 (MVRA) because it placed the car owner, who Rainey claimed was not a victim within the meaning of the MVRA, ahead of the 48 victims entitled to restitution in his mail-fraud case, who Rainey claimed were not only MVRA victims, but had incurred their losses prior to the car owner. He therefore asked the district court to defer restitution to the car owner "until 60 days after" his release from custody, and to modify its post-release payment schedule to take into account proportional distribution among victims of both cases. *Id.* at 72.[2]

_____

[2] Rainey also complained that at sentencing in the escape case, the government breached an oral promise that it would not oppose a sentencing recommendation at the low end of the United States Sentencing Guidelines and that the sentence would run concurrently with time remaining on his mail-fraud conviction. Rainey claimed the government's oral promises had induced him to enter a guilty plea that included a restitution requirement he otherwise would have challenged. According to Rainey, at sentencing, the government asked the court to impose a maximum Guidelines sentence and to have it run consecutively to the mail-fraud sentence. He did not,

3

The district court denied the Motion to Defer.  The court found that despite the much larger restitution obligation in the mail-fraud case and the fact that it was deferred until Rainey's release from federal custody, making a quarterly $25 payment "to the victim whose car [Rainey] *stole* following his escape" was not "an unreasonable burden." *Id.* at 79 (emphasis added).

Rainey filed a notice of appeal from that ruling, giving rise to appeal No. 18-1436.  A short time later, he filed in the district court a Motion to Correct the Record.  In that motion, he asserted that he had never been accused or convicted of car theft and therefore asked the district court to reconsider its statement that he had "stole" a car during his escape, and to correct the record to reflect that he is not a car thief.  He also asked the court to reconsider deferring restitution until his release from federal custody.  The district court summarily denied the Motion to Correct the Record.  Rainey filed a separate notice of appeal from that ruling, giving rise to appeal No. 18-1474.

## II. **Discussion**

The government argues that Rainey fails to establish that the district court had jurisdiction over the Motion to Defer and that we lack jurisdiction over this appeal to the extent it concerns whether the district court should have ordered Rainey to pay restitution immediately, whether the government reneged on its oral promise not to

---

however, request any specific relief related to these allegations, and on appeal he concedes that the issue is not "timely raised," Aplt. Reply Br. at 3.  We therefore do not address it further.

4

oppose a sentencing recommendation (see *supra*, note 2), and whether the district court should not have stated he had stolen a car during his escape. We agree that the district court lacked jurisdiction over the Motion to Defer and therefore need not address the government's contention about our jurisdiction over specific aspects of this appeal, because "we have jurisdiction to determine the district court's jurisdiction," *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016). As we have explained, "when a lower federal court lacks jurisdiction, a reviewing court has jurisdiction to 'correct the error of the lower court in entertaining the suit' in the first instance." *Id.* (brackets omitted) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998)).

In the district court, Rainey did not identify any jurisdictional basis for his Motion to Defer. Nor did he do so in his opening appellate brief, even though he was required to include in that brief "a jurisdictional statement" setting forth "the basis for the district court's . . . subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction," Fed. R. App. P. 28(a)(4)(A). Although pro se status entitles a litigant to a liberal construction of his filings, it does not relieve him of the obligation to follow the same rules that govern litigants represented by counsel. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nor can we "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Id.* More specifically, "[e]ven a pro se appellant has an affirmative obligation to inform us in the opening brief of the basis for the district court's jurisdiction." *United States*

5

*v. Garcia-Herrera*, 894 F.3d 1219, 1220-21 (10th Cir. 2018) (internal quotation marks omitted).

In its response brief, the government notes our precedent that "[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996); *cf. Garcia-Herrera*, 894 F.3d at 1220 (recognizing that the entry of a final judgment in a criminal case ends a district court's original criminal jurisdiction under 18 U.S.C. § 3231). The government then advances a number of potential bases for the district court's jurisdiction over the Motion to Defer and explains why none of them applies.

The only argument in Rainey's reply brief we might construe as jurisdictional is that he "had no reason to appeal a restitution issue" until he was recently transferred to a different prison, where the BOP "coerced [him] into signing an IFRP [Inmate Financial Responsibility Program] contract." Aplt. Reply Br. at 1. The IFRP contract allegedly requires him to begin paying restitution to the car owner "unless the Court amend[s] its Judgment to reflect that restitution was either deferred or made to be collected consecutive to the . . . restitution order" in his mail-fraud case. Aplt. Opening Br. at 2.1 (capitalization omitted).

We ordinarily do not consider theories that might support subject-matter jurisdiction when raised for the first time in a reply brief. *See Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) (explaining that we have discretion, but no duty, to consider "untimely raised legal theories" in support of subject-matter

6

jurisdiction); *see also Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 676 n.9 (10th Cir. 2016) ("We generally do not consider arguments raised for the first time in a reply brief."). But Rainey's argument potentially implicates 18 U.S.C. § 3664(k), the inapplicability of which the government persuasively explained in its response brief. We will therefore address it. *See Daigle*, 972 F.2d at 1539 (noting our discretion to "depart from the general waiver rule" when "presented with a strictly legal question the proper resolution of which is beyond doubt").

Section 3664(k) permits a district court, "on its own motion, or the motion of any party, including the victim," to "adjust the [restitution] payment schedule, or require immediate payment in full, as the interests of justice require." § 3664(k). But as the government points out, § 3664(k) requires that the court receive "notification" of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *Id.* Nothing of that sort exists here. Rainey merely informed the district court that the BOP had recently ordered him to pay $25 per quarter in restitution to the car owner. He described no material change in his economic circumstances. He therefore has failed to establish that § 3664(k) provides the district court with subject-matter jurisdiction over the Motion to Defer.

### III. **Conclusion**

Because Rainey has failed to show the district court had subject-matter jurisdiction over the Motion to Defer, we vacate the district court's order denying the Motion to Defer and remand with instructions to (1) strike from the record the order

7

denying the Motion to Defer and (2) dismiss the Motion to Defer for lack of jurisdiction.  In light of that ruling, the Motion to Correct the Record is moot because it concerned only the order denying the Motion to Defer.  Accordingly, we vacate the order denying the Motion to Correct the Record and remand with instructions to dismiss that motion as moot.  Finally, in each appeal, we grant Rainey's motions to proceed on appeal without prepayment of costs or fees.  Because the relevant statute, 28 U.S.C. § 1915(a)(1), excuses only *pre*payment of appeal fees, we remind Rainey of his obligation to pay the full $505.00 fee to the United States District Court for the District of Colorado.

Entered for the Court


Joel M. Carson III
Circuit Judge