FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 15, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BANI MORENO,

    Defendant - Appellant.

No. 21-6096
(D.C. No. 5:12-CR-00297-R-13)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Defendant Bani Moreno appeals the district court's dismissal of his motion to compel production of certain trial exhibits and plea agreement supplements from his 2013 criminal trial. The narrow issue before us is whether the district court properly concluded it lacked jurisdiction to rule on a motion to compel production filed in a long-since closed criminal case unaccompanied by any motion to reopen the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceedings—like a motion for new trial or a 28 U.S.C. § 2255 motion. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up). As the movant, Defendant bears the burden of establishing jurisdiction. *See United States v. Garcia-Herrera*, 894 F.3d 1219, 1220–21 (10th Cir. 2018). Defendant fails to meet that burden. Absent a motion sufficient to reopen jurisdiction, such as the one provided under 28 U.S.C. § 2255, any jurisdiction in Defendant's criminal case ended long ago. Because the following circumstances show the district court's criminal jurisdiction terminated years ago, we need not decide exactly when that jurisdiction ceased: (1) the district court's final judgment of conviction was entered on September 23, 2013; (2) Defendant's direct appeal was denied on April 15, 2015, *United States v. Moreno*, 607 F. App'x 775 (10th Cir. 2015) (unpublished) (*Moreno I*), and his petition for post-conviction relief under 28 U.S.C. § 2255 was denied on July 21, 2016, *United States v. Moreno*, 655 F. App'x 708 (10th Cir. 2016) (unpublished) (*Moreno II*); (3) we reviewed and affirmed Defendant's sentencing reduction proceedings on October 24, 2019, *United States v. Moreno*, 793 F. App'x 705 (10th Cir. 2019) (unpublished) (*Moreno III*); and (4) none of Defendant's subsequent motions were sufficient to reopen jurisdiction in his criminal case, *United States v. Moreno*, 781 F. App'x 803 (10th Cir. 2019) (unpublished) (*Moreno IV*).

A motion to compel production is not a motion independently sufficient to reopen a district court's criminal jurisdiction. *See Garcia-Herrera*, 894 F.3d at 1220.

2

Defendant nevertheless argues his motion still has an independent jurisdictional basis. He contends there is civil jurisdiction in this case because "there is a federal common law right to access to federal judicial records which can be enforced by means of an ordinary suit under 28 U.S.C. § 1331 (the federal-question jurisdiction)." *Smith v. U.S. Dist. Court Officers*, 203 F.3d 440, 441 (7th Cir. 2000) (Posner, C.J.). Whatever the merit of Defendant's argument, he must pursue it in a civil suit. Our prior precedent prevents us from asserting civil jurisdiction over a motion filed in a closed criminal case. In *Garcia-Herrera*, the defendant similarly sought documents through a motion to compel in a since-closed criminal case. We held the district court lacked jurisdiction under 28 U.S.C. § 1331—the civil federal-question jurisdiction statute—because we could "not see how this statute would give a district court jurisdiction over a motion to compel filed in a criminal case." *Garcia-Herrera*, 894 F.3d at 1220. Because "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court," we cannot reach a different result here. *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam).

Nothing in this order and judgment, however, should be construed to prejudge or prohibit Defendant from asserting his federal common law right to access federal judicial records in a proper civil action.[1] Our analysis is necessarily limited to the discrete issue presented by this appeal. Defendant cannot circumvent the filing of a civil case by filing a motion to compel production in his stale criminal case. We hope

---

[1] We cannot predict the success of such an action or any other alternative actions like a Freedom of Information Act request.

the Government and the Defendant can quickly and painlessly resolve their disputes. For the reasons stated herein, we GRANT Defendant's motion for leave to proceed *in forma pauperis* and AFFIRM the district court's judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge