**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIEL DAVID EGLI,

    Plaintiff - Appellant,

v.

KARIN M. FOJTIK; MATT BIRNBAUM,

    Defendants - Appellees.

No. 23-4121
(D.C. No. 2:22-CV-00102-HCN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]
_____

Plaintiff–Appellant Daniel David Egli, an inmate appearing pro se, appeals from the district court's dismissal without prejudice of his action challenging his 2004 conviction and sentence and presumably his 2010 conviction and sentence. Egli v. Fojtik, No. 2:22-CV-102, 2023 WL 5000947 (D. Utah Aug. 4, 2023). According to Mr. Egli, the district court lacked jurisdiction over these criminal

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

matters.  Named as defendants are an Assistant United States Attorney who prosecuted him and a probation officer assigned to supervise him.

As the parties are familiar with the facts, we need not restate them here other than to say that we recently recounted Mr. Egli's odyssey in United States v. Egli, 13 F.4th 1139, 1141—42 (10th Cir. 2021), where we upheld a special condition of supervised release imposing a lifetime ban on using the internet and computers. Currently, Mr. Egli is awaiting trial on another charge of possessing child pornography.  United States v. Egli, No. 2:22-CR-210 (D. Utah June 8, 2022.)

Our review is de novo.  Neither 28 U.S.C. § 1331 nor 18 U.S.C. § 3231 provide a basis for jurisdiction for Mr. Egli to now challenge his prior convictions and sentences.  See United States v. Garcia-Herrera, 894 F.3d 1219, 1219–20 (10th Cir. 2018).  We agree with the district court that his claim for damages likewise fails.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

2