FILED
United States Court of Appeals
Tenth Circuit

November 6, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARLON ALONZO SMITH,

Defendant - Appellant.

No. 25-4012
(D.C. No. 2:16-CR-00020-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Marlon Smith is serving a prison sentence for a drug offense. He seeks to compel Utah authorities to produce health records for a drug-detection dog that helped find drugs in his car. The district court dismissed his motion to compel for lack of jurisdiction. We affirm.

I

During a traffic stop, a drug-detection dog named Marco signaled that he smelled drugs in Smith's car. Law enforcement discovered more than a kilogram of

_____

[*] Oral argument would not help us decide this appeal. We have therefore decided it based on the record and the parties' filings. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). This decision is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

methamphetamine in the trunk.  A federal jury later convicted Smith of possessing

methamphetamine with the intent to distribute it.  Smith unsuccessfully challenged

his conviction first through a direct appeal and then through a 28 U.S.C. § 2255

motion.  *See United States v. Smith*, No. 21-4130, 2023 WL 1156294, at *1 (10th Cir.

Jan. 31, 2023).

Smith then filed in district court a document labeled a motion for relief from

the judgment under Federal Rule of Civil Procedure 60(b).  The motion requested a

new trial because, among other reasons, the government withheld records showing

Marco suffered from a degenerative joint disorder.  In support of the motion, Smith

filed a motion to compel Utah authorities to give him records related to Marco's

disorder.  The district court dismissed the purported Rule 60(b) motion.[1]  And it

dismissed the motion to compel because Smith identified no authority giving the

court jurisdiction to hear it.  In this appeal, Smith challenges the dismissal of the

motion to compel.[2]

II

Before reaching the merits, we consider the government's motion to dismiss.

After Smith filed this appeal, a panel of this court denied him authorization to file a

second or successive § 2255 claim relying on evidence that Marco had a joint

---

[1] Smith appealed the dismissal of his purported Rule 60(b) motion, but he voluntarily dismissed that appeal.

[2] Smith represents himself, so we construe his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

disorder.  *See* Order at 2, *In re Smith*, No. 25-4043 (10th Cir. Apr. 15, 2025).  The government argues that the panel's order made this appeal moot because it will prevent any future attempt by Smith to bring a similar claim.  This argument "confuses mootness with the merits" of any future attempt by Smith to present a § 2255 claim related to Marco's health records.  *Chafin v. Chafin*, 568 U.S. 165, 174 (2013).  Despite whatever obstacles Smith may face if he later attempts to use the records to challenge his conviction, he retains "a concrete interest, however small, in the outcome" of this litigation.  *Id.* at 172 (internal quotation marks omitted).  The appeal is not moot.[3]

### III

Smith has the burden to establish the district court's jurisdiction over his motion to compel.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Yet neither his motion to compel nor his opening brief identifies any potential source of the district court's jurisdiction.  Although he addresses jurisdiction in his reply brief, his arguments come too late.  By waiting until his reply brief to present his jurisdictional arguments, Smith has waived them.  *See Reedy v.*

---

[3] Additionally, to the extent the government argues that the law-of-the-case doctrine requires dismissal, we do not agree.  The doctrine holds "that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).  But deciding the jurisdictional issue now before us doesn't require us to revisit the issues resolved in *In re Smith*.  Besides, whether to apply the law-of-the-case doctrine "remains a matter of judicial discretion," *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1242 (10th Cir. 2016), and we see no need to exercise that discretion here.

*Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011); *see also Tompkins v. U.S. Dep't of Veterans Affs.*, 16 F.4th 733, 735 n.1 (10th Cir. 2021) (recognizing that "our duty to consider unargued *obstacles* to subject matter jurisdiction does not affect our discretion to decline to consider waived arguments that might have *supported* such jurisdiction" (brackets and internal quotation marks omitted)).

Smith's jurisdictional arguments are not only waived but also meritless. He contends the district court had jurisdiction to hear his motion to compel under 18 U.S.C. § 3231 and 28 U.S.C. § 2255(h). Section 3231 gave the district court jurisdiction over Smith's criminal prosecution. But we have rejected the argument that § 3231 grants jurisdiction over a postjudgment motion to compel the production of documents. *See United States v. Garcia-Herrera*, 894 F.3d 1219, 1219–21 (10th Cir. 2018). And § 2255(h) allows a district court to hear certain motions only with prior certification from the appropriate court of appeals. Smith never claims to have received that certification. In sum, Smith identifies no authority giving the district court jurisdiction to hear his motion to compel. Nor are we aware of any such authority.

\*　　　\*　　　\*

We deny the government's motion to dismiss. We affirm the district court's order.

Entered for the Court


Nancy L. Moritz
Circuit Judge

4