**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PHILIP ANDRA GRIGSBY,

    Defendant - Appellant.

No. 25-3045
(D.C. No. 6:12-CR-10174-JWB-1)
(D. Kan.)

———————————————————

### ORDER AND JUDGMENT[*]

———————————————————

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

———————————————————

Defendant Grigsby is completing a 260-year prison sentence imposed in 2013. *See United States v. Grigsby*, 749 F.3d 908, 909 (10th Cir. 2014). In February 2025, Grigsby filed a pro se motion asking the district court "to recognize Andrea Grigsby as a gender nonconforming person, refrain from using pronouns and to order the Bureau of Prisons to approve and have performed a full and complete genital removal

———————————————————

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

through surgery." R. at 48. The district court concluded it lacked jurisdiction to address the motion and denied it on that basis. Grigsby timely appealed.

We review the district court's ruling de novo. *See In re Special Grand Jury 89-2*, 450 F.3d 1159, 1170 (10th Cir. 2006) ("We review jurisdictional questions de novo."). And we construe Grigsby's pro se filings liberally, but we do not take on the role of advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

As the district court correctly recognized, federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

While the district court had jurisdiction in Grigsby's criminal case under 18 U.S.C. § 3231, that did not extend to the present motion, which Grigsby filed long after the court had entered final judgment. *See United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018) ( "[Section] 3231 by itself doesn't give the district court jurisdiction over all post-conviction motions." (internal quotation marks omitted)); *cf. United States v. Spaulding*, 802 F.3d 1110, 1112 (10th Cir. 2015) ("[Section] 3231 does not, standing alone, confer upon a district court jurisdiction to set aside a previously imposed criminal judgment . . . .").

Some statutes, such as 18 U.S.C.§ 3582(c)(1), give district courts limited jurisdiction, in identified circumstances, to modify a sentence after it is imposed. *See*

2

*United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). But Grigsby's motion did not cite any such statute, or any other authority, that gave the district court jurisdiction in the circumstances here.

On appeal, Grigsby suggests Federal Rule of Civil Procedure 60(b), 18 U.S.C. §§ 3553(a), 3582(c)(1)(A), and/or *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) authorized the district court to consider the motion. But Grigsby did not make any argument based on these authorities in district court, and also does not argue the district court committed plain error by overlooking any of them. We therefore do not address these unpreserved arguments. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) ("When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived . . . and decline to review the issue at all—for plain error or otherwise.").

Accordingly, we affirm the district court's denial of Grigsby's motion for lack of jurisdiction.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge